UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY SOUCIE,

                 Plaintiff,                   Case Number 16-10576
                                                    Honorable David M. Lawson
v.                                          Magistrate Judge Anthony P. Patti

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.

_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT

The plaintiff filed the present action on February 17, 2016 seeking review of the Commissioner's decision denying his claim for disability benefits under Title II of the Social Security Act. The case was referred to United States Magistrate Judge Anthony P. Patti under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgement to reverse the decision of the Commissioner and remand the case for further consideration by the administrative law judge. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Patti filed a report on October 24, 2016 recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections, and the defendant filed a response. The matter is now before the Court.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the file, the report and recommendation, and the plaintiff's objections, and the defendant's response to those objections and has made a *de novo* review of the administrative record in light of the parties' submissions.

The plaintiff, who is now 53 years old, filed his application for disability insurance benefits on August 28, 2013, when he was 50. The plaintiff has a limited education, but is able to communicate in English. In the application that is the subject of the present appeal, the plaintiff alleged a disability onset date of August 23, 2013. The plaintiff has been diagnosed with hernia,

coronary artery disease (status post six stents between 2000 and 2013), chronic obstructive pulmonary disease, high blood pressure, and edema in the legs. The medical records contain information that the plaintiff has a body mass index (BMI) suggesting that he is obese, but other than medical advice to lose weight and stop smoking, no medical source has indicated that the plaintiff's obesity has limited his ability or work or complicated his other medical conditions.

The plaintiff's application for disability benefits was denied initially on November 22, 2013. The plaintiff timely filed a request for an administrative hearing, and on March 23, 2015, the plaintiff appeared with his attorney before Administrative Law Judge (ALJ) Jerome B. Blum. On May 14, 2015, ALJ Blum issued a written decision in which he found that the plaintiff was not disabled. On December 23, 2015, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. The plaintiff filed his complaint seeking judicial review on February 17, 2016.

ALJ Blum reached his conclusion that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. He found that the plaintiff had not engaged in substantial gainful activity since August 23, 2013 (step one); the plaintiff suffered from hernia, coronary artery disease status (as a result of which he received six stents between 2000 and 2013), chronic obstructive pulmonary disease, high blood pressure, and edema in the legs, impairments which were "severe" within the meaning of the Social Security Act (step two); none of those impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff was unable to perform the duties required for his past relevant work as a circular saw operator, cut-off saw operator, and shipping and receiving supervisor, which were semi-skilled positions requiring medium exertion (step four).

In applying the fourth step, the ALJ concluded that the plaintiff had the residual functional capacity (RFC) to perform sedentary work as defined under 20 C.F.R. § 404.1567(a), except that he required the option to sit or stand as needed, and he would need to avoid exposure to gases, fumes, and odors.  A vocational expert testified that the plaintiff could perform jobs such as order clerk or order filler, and that 74,000 such jobs are available nationwide, with 1,600 jobs within the State of Michigan.  Based on those findings and using Medical Vocational Rule 202.11 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.

In the plaintiff's motion for summary judgment, he argued that the ALJ failed to follow the Social Security regulations when making the determination of the plaintiff's RFC and assessing his credibility.  As the magistrate judge observed, those arguments are not well developed.  And the objections to the report and recommendation in the main are a rehash of the summary judgment brief.  The Court believes that the magistrate judge thoroughly reviewed the administrative record, discussed the plaintiff's arguments in detail, and reached the correct conclusion.

First Objection

In his first objection, the plaintiff contends that the magistrate judge erred by "inferring" that the ALJ accurately communicated all pertinent parameters of the RFC in the hypothetical posed to the vocational expert (VE).  The plaintiff asserts that the decision does not indicate that the hypothetical specified that the option to sit or stand must be "at will," and that the response to that deficient hypothetical therefore cannot constitute substantial evidence that jobs exist which a claimant could perform who has the fully specified limitations found by the ALJ.

-4-

However, as the magistrate judge pointed out, the transcript of the administrative hearing plainly indicates that the VE fully understood the parameters of the sit/stand option limitation, because that limitation was discussed in the context of the requirements for jobs such as cashier, and the VE stated during that discussion that such jobs could be performed from "basically seated positions," and that, "if they — the individual wanted to stand whenever they needed to, it would be no problem."  (Tr. at 50 (Pg ID 88)).  Moreover, the "at will" frequency designation for the sit/stand option is the most restrictive condition.  From the colloquy quoted above, it is apparent that the VE employed that most restrictive condition when rendering his opinion.  The magistrate judge concluded that, if the omission of an "at will" qualifier from the ALJ's mention of the sit/stand option in his decision was in error, then that error was harmless because the record indicates, nevertheless, that the VE fully comprehended all of the parameters of the limitations that were found by the ALJ.  The plaintiff criticizes the magistrate judge's resort to "inference" when reaching that conclusion.  But no great inferential leap is required; the VE plainly stated that his assumption was that the plaintiff must be able to sit or stand "whenever [he] needed to."

The plaintiff's first objection will be overruled.

## Second Objection

In his second objection, the plaintiff contends that the ALJ erred by failing to make any mention of or findings concerning whether his obesity constituted an impairment under the applicable regulations, or how his obesity might impact the severity of his other impairments including coronary artery disease, COPD, high blood pressure, and edema.  The plaintiff contends that remand is warranted for the ALJ to consider the impact of his obesity under the relevant regulatory standards and rulings, such as SSR 02-1p.

However, the plaintiff has failed to point to any evidence in the record to establish that his obesity constitutes a severe impairment in itself, or that it would aggravate any of his other impairments in some material way.  Absent such a showing, remand is not warranted where the plaintiff's objection is based on nothing more than a bald assertion that his other impairments "presumably would be impacted" by his obesity.  The plaintiff's argument ignores the basic tenet of Social Security disability law that he has the burden to prove that he is disabled and therefore entitled to benefits.  *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  That means that the plaintiff must establish that he suffers from a disability, as that term is defined in the Social Security Act.  *See Boyes*, 46 F.3d at 512; *Abbott*, 905 F.2d at 923.

A claimant suffers from a disability "only if his physical or mental . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(1)(B).  The concept of disability relates to functional limitations.  Although these functional limitations must, of course, be caused by a physical or mental impairment, in the end, "[i]t is an assessment of what [the claimant] can and cannot do, not what she does and does not suffer from."  *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002) (referring to assessment of residual functional capacity).

The plaintiff here has not identified a single item of evidence in the administrative record that tends to show that his obesity, either alone or in combination with other medical conditions, impaired his ability to perform work.  Because it is the plaintiff's burden to point out information in the record to substantiate that some severe limitation, or aggravation of another limitation, would

-6-

result from his obesity, and because he has put forth no evidence to sustain that burden, his second objection will be overruled.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #18] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #20] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #15] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #17] is **GRANTED**. The findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson_____
DAVID M. LAWSON
United States District Judge

Dated:   February 24, 2017

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 24, 2017.

s/Susan Pinkowski_____
SUSAN PINKOWSKI